**IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS & CONDUCT, Complainant,**

v.

**David LEMANSKI, Respondent.**

No. 99–1768.

Supreme Court of Iowa.

Feb. 16, 2000.

David J. Grace, Des Moines, for complainant.

David A. Lemanski, pro se, Dubuque, for respondent.

McGIVERIN, Chief Justice.

The Iowa Supreme Court Board of Professional Ethics and Conduct (Board) filed a complaint against respondent, David A. Lemanski, alleging that he had violated several provisions of the Iowa Code of Professional Responsibility by neglecting a legal matter entrusted to him, by failing to disburse and account for client funds held in his possession, and by failing to respond to inquiries from the Board. A division of our Grievance Commission found that the Board had proved the alleged ethical violations and recommended that Lemanski be suspended from the practice of law for thirty days.

We agree with the Commission's findings and conclude that respondent Lemanski should be suspended from the practice of law for one month.

## I. Background facts and proceedings.

David A. Lemanski is admitted to the practice of law in Iowa. He is a solo practitioner and maintains a law office in Dubuque. This present disciplinary proceeding arose out of Lemanski's conduct in connection with a workers' compensation case.

### A. Neglect of client's legal matter.

In January 1991, Lemanski filed a petition with the industrial commissioner, seeking workers' compensation benefits on behalf of Michael Driscoll. Driscoll was employed at Metz Bakery. Driscoll complained that he inhaled carbon monoxide or other gases on several occasions during work, causing him to have respiratory and other medical problems. As a result, Driscoll incurred medical expenses.

At a hearing on March 12, 1992 concerning Driscoll's request for benefits, the deputy industrial commissioner excluded Driscoll's witnesses and exhibits because respondent Lemanski was late in complying with the hearing assignment order, which required that witness and exhibit lists be served on the opposing party fifteen days prior to the date of the hearing. As a result, all witnesses who might testify as to the working conditions and evidence concerning Driscoll's medical bills were excluded from testifying. Driscoll testified on his own behalf as to his medical complaints and working conditions.

The deputy industrial commissioner concluded Driscoll was not entitled to benefits. Upon appeal, the industrial commissioner affirmed the deputy's decision. After a petition for judicial review, the district court, on July 31, 1995, reversed the agency's decision and remanded the case with instructions that the industrial commissioner award benefits for medical expenses and temporary total disability for Driscoll.

### B. Failure to disburse settlement funds to client.

In May 1997, Lemanski received a $1,894.62 settlement check from Driscoll's employer concerning his claim. There was no itemization of whether the check covered medical expenses. Lemanski sent the check to Driscoll for his endorsement. The endorsed check was then returned to Lemanski who deposited the money into his client trust account. Despite numerous requests by Driscoll, Lemanski failed for one year to disburse any settlement funds to Driscoll and also failed to render an accounting of those funds to his client.

### C. Failure to cooperate with the Board.

Thereafter, in 1997 Driscoll filed a complaint against Lemanski with the Ethics Committee of the Dubuque County Bar Association. Lemanski, however, did not reply to the notice of complaint or respond to the local ethics committee's inquiries.

Driscoll then filed a complaint against Lemanski with our Ethics Board in 1998.

The Ethics Board sent Lemanski two notices that a complaint had been filed against him, but Lemanski made no reply. It was not until May 1998, after Lemanski received notice that the matter would be referred by the Ethics Board to the Grievance Commission, that Lemanski made a substantive reply to the complaint. Lemanski sent Driscoll a copy of his response, enclosing a check for $1,894.62, representing the amount he had been holding in his trust account since May 1997. After the Board filed its complaint, Lemanski was served with a request for production, interrogatories, and admissions. Lemanski, however, did not respond to the request for production in a timely manner, answered the interrogatories only after an order compelling him to do so, and never filed a response to the requests for admissions concerning the allegations in the Board's complaint.

## II. Standard of review.

 We review the findings and recommendations of the Grievance Commission de novo. Ct. R. 118.10; *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Mears*, 569 N.W.2d 132, 134 (Iowa 1997). We give respectful consideration to the findings and recommendations of the Commission, but are not bound by them. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Winkel*, 542 N.W.2d 252, 254 (Iowa 1996). The Board bears the burden of proving by a convincing preponderance of the evidence that respondent Lemanski committed the Code violations charged. *Mears*, 569 N.W.2d at 134.

## III. Ethical violations.

 The Commission concluded that Lemanski's conduct violated several provisions of the Code. Specifically, the Commission determined that due to his failure to comply with deadlines in the workers' compensation case, Lemanski violated DR 6–101(A)(3) ("A lawyer shall not ... [n]eglect a client's legal matter."). The Commission also found that by his failure to

promptly disburse the proceeds of the settlement check or render an accounting of funds when repeatedly requested to do so by the client Driscoll, Lemanski violated DR 9–102(B)(3) and (4) and that he violated DR 1–102(A)(1) (lawyer shall not violate a disciplinary rule), (5) (lawyer shall not engage in conduct that is prejudicial to administration of justice) and (6) (lawyer shall not engage in any other conduct that adversely reflects on fitness to practice law) based on his failure to respond to the Board's inquiries. *See Winkel*, 542 N.W.2d at 254 (repeated failure to respond to ethics board inquiries constitutes separate ethical violation).

Upon our de novo review of the record in this case, we conclude that a convincing preponderance of the evidence supports the Commission's findings and conclusions concerning Lemanski's violations of the Code. The Commission's findings are supported by the testimony of Lemanski's client, by Lemanski's statements made during the Grievance Commission hearing on the complaint, and by Lemanski's failure to respond to the Ethics Board's request for admissions concerning the alleged violations. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Freeman*, 603 N.W.2d 600, 602 (Iowa 1999) (violations of rules of professional responsibility were established by attorney's failure to respond to request for admissions that addressed the factual foundation for the alleged violations, as well as the unethical nature of attorney's conduct); *accord Iowa Supreme Ct. Bd. of Prof'l Ethics v. Allen*, 586 N.W.2d 383, 387 (Iowa 1998).

## IV. Discipline.

 We must now determine the proper sanction based on Lemanski's violations of the Code. The appropriate sanction in any disciplinary case rests with the particular facts and circumstances. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Stein*, 603 N.W.2d 574, 576 (Iowa 1999); *accord Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Sylvester*, 548

N.W.2d 144, 147 (Iowa 1996). In determining the proper sanction in a disciplinary case, we not only consider the nature of the violations, but also the need for deterrence, protection of the public, maintenance of the reputation of the bar as a whole, and the respondent's fitness to continue to practice law. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Sprole,* 596 N.W.2d 64, 66 (Iowa 1999).

The prior disciplinary history of an attorney is a factor we consider in imposing sanctions. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Lesyshen,* 585 N.W.2d 281, 288 (Iowa 1998); *Mears,* 569 N.W.2d at 135. In an unrelated proceeding, Lemanski previously had been privately admonished by our Ethics Board for neglecting a client's legal matter.

Lemanski explained during the hearing that he did not promptly disburse the settlement check proceeds to Driscoll because he was not sure whether the funds were intended to cover both disability benefits and medical expenses and because a portion of the workers compensation file had been destroyed.[1] We have also considered, as did the Commission, Lemanski's testimony about the practices in workers' compensation cases concerning compliance with assignment orders, as well as his testimony about his caseload and personal indebtedness.

We note, however, as did the Commission, that Lemanski made little effort to communicate with his client concerning the status of the workers' compensation case and made little effort to determine what the settlement check was intended to cover. We have also noted on more than one occasion that the pressures of a busy law practice will not excuse ethical violations. *Mears,* 569 N.W.2d at 134. Additionally, Lemanski's refusal to respond to client inquiries regarding the settlement check and refusal to respond to inquiries from the local ethics committee[2] and the Board cannot be taken lightly. Finally, as previously stated, we note that Lemanski has been previously admonished by the Board in connection with neglect of a lawsuit, resulting in default judgment against his client, which is a factor we consider in fixing the appropriate discipline. *Lesyshen,* 585 N.W.2d at 288; *Mears,* 569 N.W.2d at 135.

## V. Disposition.

Upon our consideration of the circumstances and relevant factors, we basically agree with the recommendation of the Commission and determine that Lemanski be suspended from the practice of law in Iowa with no possibility of reinstatement for one month from the filing of this opinion.

Upon any application for reinstatement, Lemanski must establish that he has not practiced law during the suspension period and that he has in all other ways complied with the client notification requirements of Court Rule 118.18. Any application for reinstatement shall be governed by rule 118.13.

Costs of this action are taxed to respondent Lemanski pursuant to Court Rule 118.22.

**LICENSE SUSPENDED.**

---

1. Whether Driscoll is entitled to payment of his medical expenses by his employer apparently remains unresolved to this day.

2. As we have noted before, we consider the failure to respond to inquiries from a local ethics committee just as serious as the failure to respond to inquiries by our ethics Board.

Even where the charge is later proved to be unfounded, we expect and demand that attorneys cooperate with discipline investigations. When such inquiries are made, the attorney should bear in mind that our ethics board, or an ethics committee of a local bar association, is serving for this court. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Sullins,* 556 N.W.2d 456, 457 (Iowa 1996) (citations omitted); *accord Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Apland,* 577 N.W.2d 50, 59 (Iowa 1998).