IOWA SUPREME COURT BOARD
OF PROFESSIONAL ETHICS &
CONDUCT, Complainant,

v.

Robert M. SHERMAN, Respondent.

No. 00–919.

Supreme Court of Iowa.

Nov. 16, 2000.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

Robert M. Sherman, Fort Dodge, respondent, pro se.

McGIVERIN, Senior Judge.*

The Iowa Supreme Court Board of Professional Ethics and Conduct (Ethics

---

* Retired Justice serving as senior judge by or-    der pursuant to Iowa Code section 602.9206

Board) filed a complaint with our Grievance Commission against respondent, Robert M. Sherman, alleging that he had violated several provisions of the Iowa Code of Professional Responsibility. A division of our Grievance Commission found that the Ethics Board had proved certain of the alleged ethical violations and recommended that Sherman be publicly reprimanded. Our review is required by Court Rule 118.10.

We agree with the Commission's findings of misconduct and with the sanction recommended by the Commission.

## I. Background facts and proceedings.

Robert M. Sherman was admitted to the practice of law in Iowa in 1980. He is a solo practitioner and maintains a law office in Webster City, Iowa.

### A. Neglect of client's legal matter.

The present disciplinary proceeding arose out of Sherman's representation of Vickie Kolthoff Bradley in a domestic relations matter. Vickie Bradley and her father met with Sherman in his office in August 1997. At that time, Vickie had been cohabitating with Dennis Goodrich for eighteen years and the couple had three children together. Their fifteen-year-old daughter now lived with Dennis and the other two children lived with Vickie. Although Vickie and Dennis had never married, Vickie considered herself to be married and wanted Sherman to file a petition for dissolution of marriage for her. During the meeting, Sherman explained that Vickie could file such a petition, but that it may be difficult to prove Vickie and Dennis were legally married. Proof of a common law marriage would be necessary to get a property division. Proposed evidence was conflicting concerning whether Vickie and Dennis had held themselves out as husband and wife. In the alternative, Sherman explained that Vickie could file a petition for legal separation or file a petition for custody, visitation, and support concerning the children.

At the end of the meeting, Vickie's father wrote a check for $80 payable to the Hamilton County clerk of court for a filing fee and a check for $400 payable to Sherman as a retainer fee. No written fee agreement was presented to or signed by Vickie.

Vickie was supposed to contact Sherman later about how she wanted to proceed in the case. Vickie, however, apparently did not see Sherman after the August 1997 meeting until June 1998. Neither Vickie nor Sherman took any action in the case. Frustrated with Sherman's failure, Vickie eventually hired another attorney in June 1998 to represent her. Vickie then contacted Sherman and asked him to return the retainer fee and filing fee to her. Sherman complied with her request by returning the check for $80 and by writing her a check for $400 drawn on his firm's account as reimbursement for the retainer fee.

### B. Failure to cooperate with the Ethics Board.

Thereafter, on September 22, 1998, Vickie filed a complaint against Sherman with our Ethics Board. On October 22, 1998, the Ethics Board sent Sherman notice that Vickie had filed a complaint against him and asked for a written response to her allegations. Sherman asked for and was granted until December 15, 1998, to make such a response. This deadline was then extended to December 21. Later, Sherman told the Ethics Board he would respond by February 3, 1999. Despite further notices from the Ethics Board of his duty to respond to the ethical complaint against him, Sherman still had made no such response by January 2000.

On January 24, the Ethics Board filed a complaint with our Grievance Commission. Sherman was served with a copy of the complaint and request for admissions from

(1999).

the Ethics Board. Sherman filed answers to the request for admissions. A hearing was held in April 2000.

## II. Standard of review.

■ We review the findings and recommendations of the Grievance Commission de novo. Ct.R. 118.10. We give respectful consideration to the findings and recommendations of the Commission, but are not bound by them. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Lemanski*, 606 N.W.2d 11, 13 (Iowa 2000). Misconduct must be proven by a convincing preponderance of the evidence. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Beckman*, 557 N.W.2d 94, 95 (Iowa 1996).

## III. Ethics violations.

■ The Commission concluded that Sherman's conduct in connection with Vickie's case violated several provisions of the Code. Specifically, the Commission determined that due to his neglect in handling Vickie's case, and through his admissions, Sherman violated disciplinary rules concerning neglect of a client's legal matter, DR 6–101(A)(3), and rules concerning failure to carry out a contract of employment, DR 7–101(A)(2). The Commission also found that due to his failure to file a written response with the Ethics Board in a timely manner, Sherman violated disciplinary rules which prohibit an attorney from engaging in conduct that is prejudicial to the administration of justice, DR 1–102(A)(5), and that adversely reflects on the fitness to practice law, DR 1–102(A)(6).

We believe the record shows that the source of the client's complaint in this case is the breakdown in communication between the attorney and the client. In particular, Vickie testified at the hearing before the Grievance Commission that Sherman canceled several appointments.

Sherman, on the other hand, testified before the Commission that he explained Vickie's options to her during the meeting in August 1997, and that Vickie was sup-

posed to get back to him about what action she wanted to take in the case. He also stated that following the meeting, he drafted a petition for legal separation, but that Vickie phoned him in December 1997, telling him that she did not want to take any action in the case at that time of the year. Sherman told her she would need to take some action and to contact him after she had determined whether her fifteen-year-old daughter would be living with her.

Sherman also stated that Vickie rescheduled or canceled certain appointments. Sherman further explained that his caseload significantly increased in the spring of 1998 after the local public defender's office closed and that he also ran for county attorney at that time. Sherman admitted, however, in his response to requests for admissions, and during the hearing before the Grievance Commission, that due to his increased caseload, he took no action concerning Vickie's case from April to June 1998. Additionally, Sherman commented that the practice of law has become very stressful for him and that he plans to leave it.

■ The evidence in the record, along with Sherman's admissions, shows that a convincing preponderance of the evidence supports the Commission's findings, that in failing to respond to the Ethics Board's inquiry, Sherman violated DR 1–102(A)(5) ("A lawyer shall not … [e]ngage in conduct that is prejudicial to the administration of justice."), and DR 1–102(A)(6) ("A lawyer shall not … [e]ngage in any other conduct that adversely reflects on the fitness to practice law."). Additionally, the record supports the findings that Sherman, in his handling of Vickie's case, violated DR 6–101(A)(3) ("A lawyer shall not … [n]eglect a client's legal matter."), and DR 7–101(A)(2) ("A lawyer shall not intentionally … [f]ail to carry out a contract of employment. …").

## IV. Discipline.

■ We must now determine the proper sanction, based on Sherman's viola-

tions of the Code. The appropriate sanction in an attorney disciplinary case is based upon the particular facts and circumstances of each case. *Lemanski*, 606 N.W.2d at 13. In determining the proper sanction, we consider the nature of the violations, the need for deterrence, protection of the public, maintenance of the reputation of the Bar as a whole, and the violator's fitness to continue to practice law. *Id.* at 14.

The prior disciplinary history of an attorney is a factor we consider in imposing sanctions for disciplinary rule violations. *Id.* We note the record shows that in February 1991, by order of this court, Sherman was admonished for his neglect of several appellate matters and was barred from handling appellate cases in Iowa for a period of two years. Later, in October 1991, our court issued an order of public reprimand for Sherman's failure to respond to repeated requests from the Ethics Board for information about a complaint. The order further admonished Sherman for his failure to file a bankruptcy petition in a timely manner for a client.

Upon our consideration of all the evidence presented to the Grievance Commission, we give weight to and agree with the recommendation of the Commission. Respondent Robert M. Sherman is hereby publicly reprimanded for his most recent misconduct.

Costs of this action are taxed to respondent pursuant to Court Rule 118.22.

**ATTORNEY REPRIMANDED.**

McGIVERIN, Senior Judge, participates in place of LARSON, J., who takes no part.