## IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,

### v.

### Theodore J. HOVDA, Respondent.

#### No. 00–1101.

Supreme Court of Iowa.

Dec. 20, 2000.

Norman G. Bastemeyer and David J. Grace, Des Moines, for complainant.

Frank A. Comito and Kent A. Gummert of Gaudineer & Comito, L.L.P., West Des Moines, for respondent.

SNELL, Justice.

The Iowa Supreme Court Board of Professional Ethics and Conduct filed a complaint against respondent Theodore J. Hovda charging him with three violations of the Iowa Code of Professional Responsibility. They are DR 1–101 (maintaining the integrity of the profession); DR 1–102(A)(1)(5) and (6) (misconduct by violating a disciplinary rule, conduct prejudicial to the administration of justice, and conduct that adversely reflects on the fitness to practice law); and DR 6–101(A)(3) (neglecting a client's legal matters). The Grievance Commission on hearing the evidence recommended that Hovda be publicly reprimanded.

Our review is required by Iowa Supreme Court Rule 118.10. We review the findings of the commission giving respectful consideration to them but are not bound by them. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Lemanski,* 606 N.W.2d 11, 13 (Iowa 2000). This conduct must be proved by a convincing preponderance of the evidence. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Beckman,* 557 N.W.2d 94, 95 (Iowa 1996).

The first complaint involved a real estate transaction. Another attorney, who no longer practices law, prepared an offer and acceptance for the parties. The parties signed the document, but no further legal action occurred for two years. The buyer, Joan Finer, retrieved the file from the preparing attorney and delivered it to Hovda in May 1993. Hovda wrote a letter to Margaret Foss, the seller, on May 21, 1993, advising that a short-form probate proceeding was necessary. Hovda heard nothing from Foss who died in February 1994. In May 1994, Lyle Foss was appointed executor of the Margaret Foss estate and Hovda was designated estate attorney.

Hovda kept the estate open to collect money from the buyer, Finer, on the purchase contract and to then pay funeral expenses. When the contract was paid off, Hovda sought to convey title by court officer deed. He petitioned the court for authority to convey in the summer of 1997, but never obtained a hearing. Instead, he waited for consents to be obtained from the heirs. Before that was accomplished, Hovda was suspended from the practice of law on March 18, 1998, for two months. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Hovda,* 578 N.W.2d 673 (Iowa 1998). When this occurred, attorney Ron Arispe was appointed successor attorney for the estate.

During his suspension, Hovda and the estate were sued by the buyer, Joan Finer, for damages sustained as the result of the delay in the completion of the real estate transactions. Hovda settled the suit by paying the plaintiffs $6500.

Two months before bringing suit against Hovda in May 1998, Joan Finer filed a complaint against Hovda with the Ethics Board. She also filed a complaint against Ron Arispe arising out of settlement negotiations in her suit against Hovda and the Foss estate. This occurred after Arispe, representing Hovda and the estate, requested Max Kirk, representing Finer, to dismiss the complaint against Hovda as part of the settlement. The complaint against Arispe was dismissed by the Ethics Board.

In the present case, the Grievance Commission found that Hovda did not review the letter of Arispe to Max Kirk requesting the dismissal of the ethics complaint against Hovda. The commission also found that although Hovda did not personally request Finer to withdraw the complaint against him, he did request that Arispe broach that compromise with Kirk. The above facts form the basis for two ethical charges against Hovda.

The third charge occurred when Hovda failed to respond to three notices from the Board regarding these complaints. An eventual response was made by Hovda on September 14, 1998.

At the hearing before the commission, Hovda stated that he was ashamed of his failures and conduct. He acknowledged he had a serious problem with procrastination that had caused him to be suspended in 1998. In his favor, however, was testimony from attorney Phillip Garland, practicing in Hancock County, that convinced the commissioners that Hovda had changed and improved his conduct since his reinstatement in 1998. The commission also found that Hovda had undertaken successful measures since his suspension which have diminished procrastination and avoidance.

■ In its conclusion, the commission determined that Finer, the buyer, did not establish any attorney-client relationship with Hovda. Furthermore, no such relationship was established between Margaret Foss, the seller, and Hovda, before she died. We agree with these findings. Under the principles necessary to establish an attorney-client relationship, neither Finer nor Foss established that kind of a relationship. See *Whalen v. Connelly*, 545 N.W.2d 284, 295 (Iowa 1996).

The commission further found, and we do also, that Hovda's procrastination and neglect of the Foss estate, when he served as attorney, was egregious enough to warrant a suspension. However, for the same type of neglect of probate matters he has already served a two-month suspension. We agree with the commission's recommendation to not again suspend Hovda in view of his significant and improved handling of probate matters since his suspension. See *Comm. on Prof'l Ethics & Conduct v. Clauss*, 468 N.W.2d 213, 215 (Iowa 1991).

■ The commission recommended a public reprimand for Hovda's conduct in ignoring the Board's notice. We agree and so order it. *See Lemanski*, 606 N.W.2d at 13–14. The commission also believed that Hovda should be publicly reprimanded for indirectly seeking the withdrawal of the ethics complaint against him as a part of the settlement of the lawsuit against him brought by Joan Finer. We find on our review that a public reprimand of Hovda for this conduct is appropriate, and we so order it.

Costs of this action are taxed to respondent pursuant to Iowa Supreme Court Rule 118.22.

**ATTORNEY REPRIMANDED.**

McGIVERIN, S.J.,* participates in place of LARSON, J., who takes no part.

---

* Senior judge assigned by order pursuant to

Iowa Code section 602.9206 (1999).