# IN THE SUPREME COURT OF IOWA

No. 47 / 07-1692

Filed May 2, 2008

**IOWA SUPREME COURT ATTORNEY DISCIPLINARY BOARD**,

Appellant,

vs.

**MARK A. NEWMAN**,

Appellee.

---

Appeal from report of the Grievance Commission.

Board appeals Grievance Commission's private admonishment of an attorney. **ATTORNEY REPRIMANDED.**

Charles L. Harrington and Elizabeth E. Quinlan, Des Moines, for appellant.

Mark McCormick of Belin Lamson McCormick Zumbach Flynn, P.C., Des Moines, for appellee.

**STREIT, Justice.**

An attorney presented a judge with two orders to approve. The judge agreed to both orders but overlooked signing one of them. The attorney realized what had happened when he returned to his office. He forged the judge's signature on the unsigned-but-approved order and filed it with the clerk of court. When confronted, the attorney admitted the forgery and apologized. The Grievance Commission privately admonished the attorney for this ethical violation. The Board appealed arguing forgery is a serious violation and warrants public discipline. We agree and publicly reprimand the attorney.

### I.      Facts and Prior Proceedings.

In 1994, Mark A. Newman graduated from law school and was admitted to the Iowa bar at the age of forty. He and his family moved to Forest City where he has been a solo practitioner since that time. His practice involves real estate, criminal defense, probate, and corporate work.

In October 2006, Newman agreed to assist a Davenport attorney with a conservatorship in Winnebago County. The Davenport attorney sent Newman certain documents to be filed as well as two proposed orders to be presented for a judge's signature. One day in January 2007, Newman drove to Garner, Iowa for court service day. Newman presented the two proposed orders to Judge James M. Drew. One order approved Newman's appointment as guardian ad litem. The second order approved a wrongful death settlement. Judge Drew and Newman discussed the case, and Judge Drew agreed to sign the orders. Judge Drew dated and signed the order appointing Newman as guardian ad litem. He dated but did not sign the order approving the wrongful death settlement. He returned the orders to Newman for filing.

Newman returned to his office, forged the judge's signature, and filed the order. Two days later, Judge Drew telephoned Newman and told him he had an order in his hand with a signature he did not recognize. Newman admitted signing the judge's name. Thereafter, both Judge Drew and Newman reported the incident to the Board. Judge Drew stated his failure to sign the order was an oversight. He also noted Newman was remorseful and apologetic.

The Board filed a complaint against Newman as a result of this incident. Newman's answer admitted the facts and ethical violations alleged in the complaint. The Commission held a hearing to determine the appropriate sanction. The Commission found Newman to have a "record of a life of service and integrity" before this incident. It found Newman's forgery of Judge Drew's signature to be "an isolated instance of unethical conduct." The Commission privately admonished Newman and requested he accept 120 hours of court-appointed criminal cases with pay by the end of 2008.

The Board subsequently applied for permission to appeal the Commission's decision. *See* Iowa Ct. R. 35.11(2). It argued due to the serious nature of Newman's misconduct, a suspension of his law license would be the more appropriate sanction. We sustained the Board's application and now publicly reprimand Newman for his actions.

## II.    Scope of Review.

We review the findings of the Commission de novo. Iowa Ct. R. 35.10(1). We give weight to the Commission's findings, but we are not bound by those findings. *Iowa Supreme Ct. Attorney Disciplinary Bd. v. McGrath*, 713 N.W.2d 682, 695 (Iowa 2006). The Board has the burden to prove disciplinary violations by a convincing preponderance of the evidence. *Iowa Supreme Ct. Attorney Disciplinary Bd. v. D'Angelo*, 710

N.W.2d 226, 230 (Iowa 2006). This burden is " 'less than proof beyond a reasonable doubt, but more than the preponderance standard required in the usual civil case.' " *Id.* (quoting *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Lett,* 674 N.W.2d 139, 142 (Iowa 2004)).

### III. Sanction.

We find the Board proved by a convincing preponderance of the evidence Newman violated Iowa Rule of Professional Conduct 32:8.4(c), which prohibits an attorney from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. *See Iowa Supreme Ct. Attorney Disciplinary Bd. v. Thompson,* 732 N.W.2d 865, 867 (Iowa 2007) (stating forging a signature on a court document is conduct involving dishonesty, fraud, deceit, and misrepresentation). We now must determine the appropriate sanction. We consider "the nature of the violations, protection of the public, deterrence of similar misconduct by others, the lawyer's fitness to practice, and our duty to uphold the integrity of the profession in the eyes of the public." *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Fleming,* 602 N.W.2d 340, 342 (Iowa 1999) (citing *Comm. on Prof'l Ethics & Conduct v. Havercamp,* 442 N.W.2d 67, 69 (Iowa 1989)). We also consider both aggravating and mitigating circumstances. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Ruth,* 656 N.W.2d 93, 99 (Iowa 2002) (citing *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Sherman,* 637 N.W.2d 183, 187 (Iowa 2001)). Ultimately, the form and extent of a disciplinary sanction "must be tailored to the specific facts and circumstances of each individual case." *Comm. on Prof'l Ethics & Conduct v. Rogers,* 313 N.W.2d 535, 537 (Iowa 1981).

Based on the record, Newman appears to be a person of good moral character who committed a serious lapse in judgment. He has

never been subjected to attorney discipline before this occasion. Several people either testified or provided affidavits attesting to his good character. He accepted responsibility for his actions and is very remorseful. Nevertheless, forgery is a serious ethical violation. *See Iowa Supreme Ct. Attorney Disciplinary Bd. v. Rickabaugh*, 728 N.W.2d 375, 382 (Iowa 2007) (revoking the license of an attorney who, among other things, forged his clients' signatures and was previously disciplined for fabricating documents and forging a judge's signature); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Rylaarsdam*, 636 N.W.2d 90, 93 (Iowa 2001) (suspending an attorney's license for six months for forging clients' signatures and falsifying a court document); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Clauss*, 530 N.W.2d 453, 455 (Iowa 1995) (suspending an attorney's license for three years because he, among other things, forged and notarized a signature on a return of service).

The Board notes Newman's conduct was similar to the conduct in *Thompson*. There, we suspended an attorney's license for nine months for forging a judge's signature on an order "without the knowledge or authorization of the judge." *Thompson*, 732 N.W.2d at 866. However, unlike Newman, Thompson had a history of prior discipline which included a sanction for altering a court document. *Id.* Thompson also forged the judge's signature and filed the order without ever presenting it to a judge. We find the totality of the circumstances in this case less egregious than those in Thompson. Nevertheless, we believe a public reprimand is necessary to signal Iowa lawyers and the citizens of Iowa that forging a judge's signature is a serious ethical violation under *any* circumstances.

**IV.     Conclusion.**

Newman is hereby publicly reprimanded for forging Judge Drew's signature on an approved-but-unsigned order.    Costs are taxed to Newman pursuant to Iowa Court Rule 35.25(1).

**ATTORNEY REPRIMANDED.**