# IN THE SUPREME COURT OF IOWA

No. 11–0799

Filed January 6, 2012

**IOWA SUPREME COURT ATTORNEY
DISCIPLINARY BOARD,**

      Complainant,

vs.

**GORDON LILES,**

      Respondent.

---

On review of the report of the Grievance Commission of the Supreme Court of Iowa.

Grievance Commission of the Supreme Court of Iowa reports respondent committed ethical misconduct and recommends attorney be publicly reprimanded. **LICENSE SUSPENDED.**

Charles L. Harrington and Amanda K. Robinson, Des Moines, for complainant.

Richard L. Fehseke, Jr., Fort Madison, for respondent.

**HECHT, Justice.**

In this attorney disciplinary proceeding, the Iowa Supreme Court Attorney Disciplinary Board alleges an attorney forged the signature of a witness on a will and later filed the document in a probate proceeding. Upon our review of the record, we find the Board proved the attorney violated provisions of the Iowa Rules of Professional Conduct by a clear preponderance of the evidence and conclude a period of suspension is the appropriate sanction under the circumstances.

### I.  Background Facts and Proceedings.

Gordon Liles served as a part-time county attorney in Lee County for nearly thirty years.  During his tenure in that office, Liles also represented clients in his part-time private law practice.  Although he resigned his position as prosecutor on June 2, 2008, he made arrangements for his client, Maxine Puckett, to come to the county attorney's office to execute her will on June 10, 2008.  The will signed that day by Puckett named Lisa Henshaw and David Andrusyk as witnesses of Puckett's signature.  Although Andrusyk was not present when Puckett signed the will, Liles signed Andrusyk's name on the document as a subscribing witness.

After Puckett passed away in May of 2009, Liles filed the will for probate.  A vigilant employee in the clerk of court's office doubted the authenticity of the purported signature of witness Andrusyk.  Andrusyk acknowledged the signature was not his and reported Liles to the Board.  When Liles was confronted with the allegation of forgery, he admitted his conduct and expressed remorse.  Meanwhile, the district court held a hearing in the Puckett probate matter which resulted in the dismissal of the petition for small estate administration previously filed by Liles.  A subsequent petition alleging Puckett died intestate was filed by the Iowa

Department of Human Services seeking reimbursement for a Medicaid lien.[1]

## II. The Board's Complaint.

The Board filed a complaint alleging Liles violated several provisions of the Iowa Rules of Professional Conduct including rule 32:8.4(c) (dishonesty, fraud, deceit or misrepresentation), rule 32:8.4(d) (conduct prejudicial to the administration of justice), rule 32:3.3(a)(1) (knowingly making a false statement of fact or law to a tribunal or failing to correct such statement), and rule 32:3.3(a)(3) (knowingly offer false evidence).

Following a hearing during which Liles admitted he forged the witness's attestation of Puckett's will and expressed his remorse and humiliation, the commission found Liles committed each of the rule violations alleged by the Board. The commission recommended Liles be publicly reprimanded for the misconduct.

## III. Scope of Review.

The commission's report is now before this court for review pursuant to Iowa Court Rule 35.10. Our review is de novo. Iowa Ct. R. 35.10; *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Mulford*, 625 N.W.2d 672, 679 (Iowa 2001). "Although we are not bound by the commission's findings, we give them weight, particularly when considering the credibility of witnesses." *Id.* Similarly, although we are not bound by the commission's recommended discipline, we give its recommendation our respectful consideration. *Id.*

---

[1]Although Puckett's testamentary intent was to transfer her modest net estate to her grandson, the substantial lien and the costs of administration would have precluded the intended beneficiary from taking under the will even if it had been properly witnessed.

## IV. Violations.

Liles admits he forged Andrusyk's signature in the attestation clause of Puckett's will. When he filed the document with the court, Liles misrepresented its authenticity in a legal proceeding. The forgery of Andrusyk's signature constituted an act of deceit against both Puckett and Andrusyk in violation of rule 32:8.4(c). *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Rylaarsdam,* 636 N.W.2d 90, 92–93 (Iowa 2001) (finding a lawyer's forging of signatures on court documents constituted deceit). When he attached Puckett's will to a petition for small estate administration and filed it with the court, Liles knowingly misrepresented the authenticity of Andrusyk's signature to a tribunal in violation of rule 32:3.3(a)(1) and knowingly offered evidence of the will's authentication which he knew to be false in violation of rule 32:3.3(a)(3).

Lastly, we consider whether Liles' conduct was prejudicial to the administration of justice in violation of rule 32:8.4(d). Although there is no "typical form of conduct that prejudices the administration of justice," *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Steffes,* 588 N.W.2d 121, 123 (Iowa 1999), we have noted acts which violate well-understood norms and conventions of the practice of law and hamper the efficient and proper operation of the courts will generally constitute a violation of this rule, *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Templeton,* 784 N.W.2d 761, 770–71 (Iowa 2010); *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Borth,* 728 N.W.2d 205, 211 (Iowa 2007). We conclude Liles did violate well-understood norms of practice when he knowingly attached an invalid will to a petition for administration of a small estate and filed it with the court. His actions hampered the efficient operation of the court because they caused the court to admit the invalid will to probate, issue letters of an executor's appointment, schedule a hearing, and later

rescind Liles' appointment as executor. Accordingly, we conclude the Board proved by a clear preponderance of the evidence Liles' violation of rule 32:8.4(d).

Accordingly, we find each of the violations alleged by the Board was established by a convincing preponderance of the evidence.

**V. Discipline.[2]**

When imposing discipline for violations of the rules of professional conduct, we consider "the nature of the violations, the need for deterrence, protection of the public, maintenance of the reputation of the bar as a whole, and the [attorney's] fitness to continue in the practice of law." *Comm. on Prof'l Ethics & Conduct v. Blomker*, 379 N.W.2d 19, 21 (Iowa 1985). Ultimately, the discipline imposed "must be tailored to the specific facts and circumstances of each individual case." *Comm. on Prof'l Ethics & Conduct v. Rogers*, 313 N.W.2d 535, 537 (Iowa 1981). The tailoring of appropriate discipline requires us to consider both aggravating and mitigating circumstances. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Ruth*, 656 N.W.2d 93, 99 (Iowa 2002).

The lawyer's duty to act honestly is a first principle underlying each of the rules violated by Liles in this case. In calibrating the appropriate discipline for violations of this principle in cases involving forged signatures on court documents, we have imposed sanctions ranging from a public reprimand for an attorney with no prior record of discipline who forged a judge's signature on an approved, but unsigned, order and filed it with the court, *Iowa Supreme Ct. Att'y Disciplinary Bd.*

---

[2]After the Board filed a "Statement Regarding Sanction" on August 25, 2011, Liles filed a motion to strike the statement because it was untimely. The Board subsequently filed a "Statement Regarding Motion" acknowledging its previous statement was untimely and stating it did not resist Liles' motion to strike. Accordingly, we do not consider the Board's "Statement Regarding Sanction."

*v. Newman*, 748 N.W.2d 786, 789 (Iowa 2008), to a suspension of nine months for an attorney with a history of discipline for similar conduct who forged a judge's signature on a court order, *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Thompson*, 732 N.W.2d 865, 869 (Iowa 2007). We conclude the appropriate discipline for the violations committed by Liles falls on the continuum between the public reprimand imposed in *Newman* and the lengthy suspension ordered in *Thompson*.

We find Liles has accepted responsibility for his actions and expressed sincere remorse. These are mitigating circumstances affecting our determination of the sanction. *Templeton*, 784 N.W.2d at 770–71. Yet, our decision that a sanction more serious than a public reprimand must be imposed here is significantly influenced by the aggravating circumstance of a prior public reprimand imposed on Liles for undertaking the representation of two clients under circumstances constituting a conflict of interest. "[P]rior disciplinary action is properly considered as an aggravating circumstance . . . ." *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Gallner*, 621 N.W.2d 183, 188 (Iowa 2001).

Having considered the nature of Liles' conduct, the need to deter attorney conduct involving forgery, the purpose of protecting the public from attorney misconduct, the goal of protecting the reputation of the bar, Liles' fitness to practice law, and the mitigating and aggravating circumstances presented, we conclude a license suspension of sixty days is required in this case.

## VI. Conclusion.

We suspend Liles' license to practice law in Iowa for sixty days. This suspension applies to all facets of the practice of law. Iowa Ct. R. 35.12(3). Liles shall comply with the notification requirements as provided in rule 35.22, and the costs of these proceedings are taxed to

Liles pursuant to rule 35.26(1). Absent an objection by the Board, we shall reinstate Liles' license to practice law on the day after the suspension period expires. *See* Iowa Ct. R. 35.12(2).

**LICENSE SUSPENDED.**