COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,

v.

Gordon M. LILES, Respondent.

No. 88–881.

Supreme Court of Iowa.

Oct. 19, 1988.

HARRIS, Justice.

In this attorney disciplinary proceeding the respondent Liles, a part-time county attorney, is charged with involvement in a conflict of interest. It is said he used his official position to further the interests of clients in his private practice.

At the time of hearing before the commission Liles had for many years served as assistant Lee County attorney. From the same office in Ft. Madison he also conducts his own private law practice.[1] Lee County

---

1. Under Iowa Code section 331.752(1) (1987) only full time county attorneys must refrain from private practice.

is unique in Iowa in that it has two county seats,[2] and is divided into a northern division and southern division. Liles serves as assistant county attorney for the northern division. The Lee County attorney serves the southern division from his office located at Keokuk. Liles' operation is independent. He exercises discretion concerning all aspects of the county attorney's work for the northern division.

At the time in question Liles shared his office with Peter Hansen, a second assistant county attorney. Hansen's county attorney's job was limited to simple misdemeanors, OWIs, and juvenile matters for the northern division of Lee County. Liles was senior to Hansen in public service but did not serve as his supervisor. Hansen also conducted his own private practice from the same office. The complaint against Liles was instigated by Hansen after he was fired as assistant county attorney. Hansen also filed a charge against the county attorney.

Two incidents are involved, both of which arise from Liles' private practice. In the first one Liles represented Terry Etka in a tort claim against Richard Senf and a tavern. A month after Liles was retained by Etka, Hansen filed an OWI prosecution against Senf based on the same incident. In the other case Liles undertook to represent John Heidbreder who sought to establish his paternity and obtain custody of a child. A month later Hansen instituted a statutory proceeding to establish the child as being in need of assistance. In both cases Liles' representation preceded Hansen's official action but continued to conclusion after Liles became aware of it.

I. A certain ambiguity is built into Iowa's system of part-time county attorneys. The overwhelming majority of the state's county attorneys serve part-time and derive their livelihood largely from the private practice of law. Whatever the advantages or disadvantages of the system, it exists primarily for economic reasons. Many of our counties have comparatively sparse populations and it is felt they do not require the services of full-time county attorneys.

The legislature undertook to provide the public with county attorney services which are necessary and at the same time spare the taxpayers the greater expense of full-time county attorneys. Accordingly the statute leaves it up to the boards of supervisors of each county to determine whether the office shall be full or part-time. Iowa Code § 331.752 (1987).

A result of the plan is that part-time county attorneys, who are expected to also engage in private law practice, must walk a fine line to avoid conflicts. The two incidents involved here are typical of how public legal matters often become intertwined with private ones. A conflict of interest or the appearance of one is always a danger.

■ In this case the commission determined there was no clear and convincing proof[3] that Liles was involved in any actual conflict of interests and we agree.

II. The commission however found Liles violated the spirit of Iowa Code section 331.755(2)[4] and EC 8–8.[5] The commission accordingly recommended that Liles be reprimanded.

■ We think, under all the circumstances, a formal reprimand is not required. Liles and Hansen were not partners or associates in private practice although their office sharing arrangement may well have misled the public into believing otherwise. The record on the arrangement is not clear. The public's interest in guarding against even an appearance of impropriety can be

---

**2.** Pottawattamie County also has two courthouses located at two sites.

**3.** In order to sustain the charge the committee must establish a violation of professional responsibility by a convincing preponderance of the evidence. *Committee on Professional Ethics and Conduct v. Piazza,* 405 N.W.2d 820, 821 (Iowa 1987).

**4.** The section prohibits county attorneys or their partners from acting as attorney for a private party in any proceeding which has been commenced or prosecuted by the county attorney.

**5.** Lawyers who are public officers "should not engage in activities in which ... personal or professional interests are or foreseeably may be in conflict with ... official duties."

adequately served here by an admonition. We employ professional admonitions not so much by way of criticism as to instruct the bar. We view admonitions as considerably less severe than reprimands, and consider them to be something less than actual discipline. *See Matter of Frerichs*, 238 N.W.2d 764, 770 (Iowa 1976).

 It was ill advised for Liles to continue to represent either client in this complaint after learning that another prosecutor had taken official action against opposing parties. Attorney Liles is admonished that he must scrupulously guard against professional acts in which it might appear that his clients could gain personal advantage by reason of his public office.

ATTORNEY ADMONISHED.