# IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,

v.

**Theodore J. HOVDA, Respondent.**

No. 98–183.

Supreme Court of Iowa.

May 28, 1998.

Norman G. Bastemeyer, Charles L. Harrington, and David J. Grace, Des Moines, for complainant.

Theodore J. Hovda, Garner, pro se.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, ANDREASEN, and TERNUS, JJ.

LARSON, Justice.

Theodore J. Hovda is the respondent in this lawyer disciplinary case. He was charged by our board of professional ethics and conduct with several violations of the code of professional conduct arising out of a significant number of probate delinquencies and his failure to respond to inquiries by the board concerning them. The commission recommended suspension of his license, and we agree. His license is suspended for a minimum of two months.

Hovda was admitted to practice in 1977 and now practices in Garner, Iowa. Twenty to twenty-five percent of his time is devoted to probate matters. He is also serving as Hancock County Attorney. A complaint based on the probate delinquencies was filed with the board, which sent a notice to Hovda with a request to respond. Hovda failed to do so. A second notice brought a response from Hovda, although it was thirteen days beyond the time provided for a response under the board's rules. Hovda assured the board that he would cure the delinquencies, but he did not.

District Judge Stephen P. Carroll took an interest in curing the delinquencies, and he contacted Hovda on several occasions. He met with Hovda, and together they went through fourteen or fifteen probate files to determine what needed to be done. Judge Carroll set deadlines for each of the delinquent matters, but Hovda did not meet them.

Judge Carroll then told Hovda that Hovda would have to seek the assistance of an experienced probate lawyer or be removed from the cases. Attorney G.A. Cady of Hampton agreed to assist Hovda in fifteen of the cases. Cady testified at the commission hearing that despite his frequent contacts with Hovda (thirty-nine telephone calls and twenty-two letters) and his (Cady's) offer to become more involved in the cases, Hovda was largely unresponsive.

The probate cases continued to languish. Hovda's only explanation for the delinquencies was that he was disorganized, and he tended to procrastinate. Based on the board's requests for admissions (deemed admitted by Hovda's failure to respond to them) Hovda had, within a six-year period, received eighty-two probate delinquency notices from three different counties and involving eighteen cases.

The commission considered delinquencies in fifteen cases from Hancock County and two from Cerro Gordo County. It heard evidence from Hovda, Judge Carroll and attorney Cady. Of the seventeen cases considered, delinquencies remained in twelve of them at the time of hearing. Hovda had received nine delinquency notices in three of the cases, eight notices in one case, seven notices in one case, and five notices in three cases. Hovda obviously has had problems getting his probate work done, but he has also had trouble accepting the help of others

who had spent considerable time trying to help him.

■ The commission found that Hovda had violated DR 1–102(A)(5) (conduct prejudicial to the administration of justice); DR 1–102(A)(6) (conduct adversely reflecting on fitness to practice law); and DR 6–101(A)(3) (neglect of client's business). We agree that the board has proven these charges by the requisite convincing preponderance of the evidence. *See Iowa Sup. Ct. Bd. of Prof'l Ethics & Conduct v. Winkel,* 542 N.W.2d 252, 254 (Iowa 1996). The commission recommended a sixty-day suspension.

■ We agree that Hovda's license should be suspended, but we believe that such suspension might well cause further delay in the probate matters that have already been delinquent. Therefore, his notice of suspension shall include, as to each probate matter in which delinquencies remain, a specific warning that there is "urgency in seeking the substitution of another lawyer" because of the delinquencies. *See* Ct. R. 118.18(a). We order the respondent's license to be suspended indefinitely with no possibility of reinstatement for two months. On any application for reinstatement, the respondent shall establish that he has not practiced law during the period of suspension and that he has in all respects complied with the requirements of court rule 118.

At the time of any application for reinstatement, the respondent shall also furnish evidence that he will either refrain from accepting probate matters in the future or that he will associate in each probate case with a probate lawyer, approved by the chief judge, to assist. Any order for reinstatement of Hovda's license may include additional requirements and may provide for a conditional reinstatement.

Costs are taxed to the respondent pursuant to court rule 118.22.

**LICENSE SUSPENDED.**