# IN THE SUPREME COURT OF IOWA

No. 117 / 06-1017

Filed February 23, 2007

**IOWA SUPREME COURT ATTORNEY DISCIPLINARY BOARD**,

     Complainant,

vs.

**CHARLES K. BORTH**,

     Respondent.

---

On review of the report of the Grievance Commission.

Iowa Supreme Court Grievance Commission recommends respondent be reprimanded for unethical conduct. **ATTORNEY REPRIMANDED.**

Charles L. Harrington and Teresa A. Vens, Des Moines, for complainant.

John D. Brown, Emmetsburg, for respondent.

**TERNUS, Chief Justice.**

This disciplinary case against assistant Clay County Attorney Charles K. Borth is the third in a series of disciplinary cases involving alleged misconduct by prosecutors in Clay County. *See Iowa Supreme Ct. Attorney Disciplinary Bd. v. Zenor,* 707 N.W.2d 176 (Iowa 2005); *Iowa Supreme Ct. Attorney Disciplinary Bd. v. Howe,* 706 N.W.2d 360 (Iowa 2005). The respondent here is charged with (1) representing a criminal defendant while serving as an assistant county attorney, (2) amending traffic citations to cowl-lamp violations not supported by probable cause, and (3) negotiating plea bargains that required defendants to contribute to various funds, including funds maintained by governmental subdivisions, contrary to the terms of Iowa Code section 907.13(2) (2003). *See generally* Iowa Code § 907.13(2) (allowing court to require charitable donation in lieu of community service imposed as a condition of probation).

The Iowa Supreme Court Grievance Commission concluded Borth had violated the Iowa Code of Professional Responsibility for Lawyers in several respects. The Commission recommended he be given a public reprimand. We agree Borth violated our ethics rules, and we concur in the Commission's recommendation to publicly reprimand the respondent.

I. *Scope of Review.*

The supreme court reviews a report of the Commission de novo. *Howe,* 706 N.W.2d at 366. "Under this standard of review, we give weight to the factual findings of the Commission, especially with respect to witness credibility, but we find the facts anew." *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Beckman,* 674 N.W.2d 129, 131 (Iowa 2004). "Although we respectfully consider the discipline recommended by the Commission, the final decision on the appropriate sanction is for this court." *Howe,* 706 N.W.2d at 366. The complainant, the Iowa Supreme Court Attorney

Disciplinary Board, must prove its allegations of misconduct by a convincing preponderance of the evidence. *Id.*

II. *General Factual Background.*

Charles Borth has been licensed to practice law in this state since 1995. After clerking for the Third Judicial District for two years, in 1997 he joined the Spencer law firm of Zenor & Houchins. At the same time, Borth became an assistant Clay County attorney, a position he continues to hold.[1] As an assistant county attorney, Borth prosecutes criminal offenses and handles juvenile cases for the county.

The record establishes that Borth is active in his community, hardworking, and respected by other lawyers and judges in the area. He has not previously been disciplined for an ethical violation.

On January 4, 2005, the disciplinary board filed a three-count complaint against Borth. We will discuss each charge separately.

III. *Count I: Defense of Kenneth John Borth.*

On March 29, 2002, in Spencer, Clay County, Iowa, the respondent's father, Kenneth John Borth, was charged with public intoxication, a violation of a Spencer municipal ordinance. On April 3, 2002, respondent entered a plea of not guilty on behalf of his father. Subsequently, respondent communicated with Brad Howe, the assistant city attorney, and negotiated a disposition of the charge against Kenneth Borth. On May 2, 2002, a deferred prosecution was ordered on the public intoxication charge, and on November 1, 2002, the criminal case was dismissed. The respondent was an assistant county attorney when he defended his father on this criminal charge.

---

[1]When Borth first joined the Zenor & Houchins law firm, Michael Zenor was the county attorney, and Michael Houchins was an assistant county attorney. At the time this matter was heard in May 2006, Houchins was the county attorney, and Zenor was an assistant county attorney.

The Board alleged this conduct violated DR 8-101(B), which provides: "County attorneys and assistant county attorneys shall not engage in the defense of an accused in any criminal matter during the time they are holding this public office." The Commission concluded Borth violated DR 8-101(B), and we agree.

IV. *Count II: Misdemeanor Charges Not Supported by Probable Cause.*

In his capacity as an assistant county attorney, Borth negotiated plea agreements to traffic citations. In approximately seventy-four cases between 1998 and 2004, he facilitated the amendment of a simple misdemeanor traffic violation to a nonmoving violation under the cowl-lamp statute, Iowa Code section 321.406. *See generally* Iowa Code § 321.406 (stating motor vehicles may be equipped with no more than two side cowl or fender lamps). As in the plea bargains involved in *Howe* and *Zenor*, the arresting officer, the defendant, and the presiding judge concurred in the amendment. Everyone involved, including Borth, knew the cowl-lamp charges were not supported by probable cause. In fact, there was no factual basis for the charges at all because vehicles no longer have cowl or fender lamps.

The Board charged Borth with violating several ethics rules in negotiating these plea bargains and presenting them to the court for approval. In *Howe*, we held identical conduct "clearly violated" DR 7-103(A), which "states that a prosecutor 'shall not institute or cause to be instituted criminal charges when the lawyer knows or it is obvious that the charges are not supported by probable cause.' " 706 N.W.2d at 368 (quoting DR 7-103(A)). The Commission concluded Borth violated DR 7-103(A), and again, we agree.

V.  *Count III:  Plea Bargains Requiring Charitable Contributions.*

In several of the cases in which Borth agreed to reduce a traffic citation to a cowl-lamp violation, the negotiated plea bargain included a requirement that the defendant make a charitable contribution to a designated entity.  In three cases, the defendants were required to contribute to the Clay County Canine Fund; in another case, a contribution was made to the Clay County DARE Program.  In a fifth case, the defendant was ordered to make contributions to the canine fund and to the Clay County Crime Stoppers.

Iowa law allows courts to include charitable donations in a defendant's sentence under specified circumstances.  Iowa Code section 907.13 permits a court to "establish as a condition of probation that the defendant perform unpaid community service for a time not to exceed the maximum period of confinement for the offense of which the defendant is convicted."  Iowa Code § 907.13(1).  If the court imposes such a condition, the defendant, in cooperation with his probation officer and the department of correctional services, must prepare a plan to implement the community service condition.  *Id.*  This plan is submitted to the court for approval or modification.  *Id.* § 907.13(2).  One modification option available to the court is to allow the defendant to satisfy some or all of the community service obligation "through the donation of property to a charitable organization other than a governmental subdivision."  *Id.*

The charitable contributions negotiated by Borth in the cases described above were not authorized by section 907.13, as he forthrightly admitted at the hearing.  The defendants in these cases were not placed on probation and were not ordered to complete community service.  Even if these prerequisites had been met, section 907.13 only permits the court to order contributions to nongovernmental entities.  Both the Clay County

Canine Fund and the Clay County DARE Program were accounts of the Clay County sheriff, a governmental entity.

The Board alleged the charitable contribution required by the respondent in these cases constituted an illegal sentence. It claims Borth's negotiation of illegal sentences violated DR 1-102(A)(5), which provides that a lawyer shall not engage in conduct prejudicial to the administration of justice. *See* Iowa R. Prof'l Conduct 32:8.4(d) (stating it is "professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice").

The Commission determined there was no statutory authority for the respondent's demand that the defendants in the cited prosecutions agree to make a charitable contribution as part of their negotiated sentences. Notwithstanding this determination, the Commission concluded the Board had failed to prove "the contribution requirements injured the administration or efficiency of the judicial system."

Borth contends on appeal that the Commission correctly concluded he did not act unethically in negotiating the plea bargains in question. While he acknowledges the plea agreements were not authorized by section 907.13(2), he claims that defect does not equate to an ethical infraction because he had no wrongful intent and believed at the time that the plea agreements were appropriate dispositions of the criminal charges.

We first reject the argument that the Board must show the respondent knew his conduct constituted a violation of the ethics rules or that the respondent acted with an improper purpose or motive. Neither intent, knowledge, nor wrongful motive is required to establish a violation of DR 1-102(A)(5). *Cf. Iowa Supreme Ct. Attorney Disciplinary Bd. v. Johnson*, ___ N.W.2d ___, ___ (Iowa 2007) (holding attorney's good-faith belief that her conduct did not violate conflict-of-interest rule contained in DR 9-101(B)

was not a defense); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Walters*, 603 N.W.2d 772, 775 (Iowa 1999) (stating it was "not necessary to show that the lawyer acted with bad or fraudulent intent" in order to establish lawyer violated DR 5-104(A) by soliciting loan from former client); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Apland*, 577 N.W.2d 50, 56 (Iowa 1998) (concluding respondent committed an ethical violation by misappropriating client's funds even though the misappropriation "was not intentional given the uncertainty at the time about whether such fees were subject to trust account requirements"); *Comm. on Prof'l Ethics & Conduct v. Davidson*, 398 N.W.2d 856, 859 (Iowa 1987) (concluding attorney committed an ethical violation despite the attorney's "apparent lack of culpability" where office staff error resulted in commingling of client funds for two years).  In rejecting a similar defense many years ago, this court said:

> If all individuals are presumed to know the law and cannot use ignorance as a defense, respondent, a trained professional with the basic skills and tools to acquaint himself with the legal significance of the facts, cannot insulate himself from censure simply by claiming ignorance.

*Comm. on Prof'l Ethics & Conduct v. Zimmerman*, 354 N.W.2d 235, 238 (Iowa 1984).  Similarly, here, Borth's unawareness that the charitable contributions he negotiated were not authorized by law is not a defense to the Board's charges.

We now turn to the Commission's determination that Borth's conduct was not unethical.  In explaining its conclusion, the Commission observed:

> There is evidence in the record that this type of sentence was agreed to by other prosecutors in other counties, many with more years of experience than Mr. Borth.  None of the contributions benefited Mr. Borth personally in any way.  The contributions were all approved by the court and administered through the clerk of court's office.  There is no question that the funds were put to their intended purpose.  There is no evidence that the contributions were applied only in cases where the defendants were wealthy.

We have no disagreement with the Commission's observations, as the evidence fully supports them. We are persuaded, however, that these facts do not avoid the prejudice to the administration of justice inherent in Borth's action.

"[T]here is no typical form of conduct that prejudices the administration of justice." *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Steffes*, 588 N.W.2d 121, 123 (Iowa 1999). Generally, acts that have been deemed prejudicial to the administration of justice have "hampered the efficient and proper operation of the courts or of ancillary systems upon which the courts rely." *Id.*

In the present case, Borth's actions facilitated the imposition of several illegal sentences. *See Tindell v. State*, 629 N.W.2d 357, 359 (Iowa 2001) (holding an illegal sentence is "one not authorized by statute"). Illegal sentences are void and can be challenged at any time. *See State v. Woody*, 613 N.W.2d 215, 218 (Iowa 2000) ("An illegal sentence is void and 'not subject to the usual concepts of waiver . . . .' Because an illegal sentence is void, it can be corrected at any time." (quoting *State v. Ohnmacht*, 342 N.W.2d 838, 843 (Iowa 1983))). The potential use of court time to address such challenges in the cases at issue here would divert judicial resources from other matters and thereby hamper the efficient and proper operation of the courts. *See Johnson*, ___ N.W.2d at ___ (holding attorney's conflict of interest that resulted in numerous challenges to her participation in pending cases and the potential for many similar challenges was conduct prejudicial to the administration of justice). We need not wait for such challenges to be made to conclude Borth's actions were prejudicial to the administration of justice. Accordingly, we hold Borth's illegal plea agreements violated DR 1-102(A)(5).

VI. *Discipline.*

The Commission recommends that Borth be given a public reprimand. The Board argues a more severe sanction is warranted.

To determine the appropriate sanction,

> we consider the nature and extent of the respondent's ethical infractions, his fitness to continue practicing law, our obligation to protect the public from further harm by the respondent, the need to deter other attorneys from engaging in similar misconduct, our desire to maintain the reputation of the bar as a whole, and any aggravating or mitigating circumstances.

*Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Kallsen,* 670 N.W.2d 161, 164 (Iowa 2003). Upon our consideration of these factors, we agree with the Commission that a public reprimand is an adequate sanction.

Although Borth should have known better than to represent his father in a criminal case, it appears his violation of DR 8-101(B) is isolated. Borth's other ethical violations—negotiation of guilty pleas to cowl-lamp charges and imposition of unauthorized charitable donations—were practices that had not been addressed by this court at the time Borth engaged in this conduct. This fact militates in favor of a public reprimand. *See Howe,* 706 N.W.2d at 380 (noting public reprimand would be sufficient sanction for filing cowl-lamp charges since court had not "given guidance on the limitations placed on plea-bargained charges by DR 7-103(A)" prior to that case); *Apland,* 577 N.W.2d at 60 (imposing public reprimand for attorney's unethical handling of advance fee payment because court had not previously addressed the proper handling of such payments).

Other circumstances also indicate that a public reprimand is adequate discipline in this case. Borth ceased negotiating plea bargains to cowl-lamp charges and stopped asking defendants to agree to make charitable contributions immediately upon learning these practices were

questionable. He has had no other ethical violations, enjoys a good reputation in the legal community, and cooperated fully with the Board during its investigation. For these reasons, we think Borth is unquestionably fit to practice law, and there is no need to protect the public from further harm at his hands. Finally, we believe a public reprimand will serve as a sufficient deterrent to other lawyers and will demonstrate to the public that lawyers will be held accountable for unethical conduct.

We publicly reprimand Charles K. Borth for his ethical violations. The costs of this proceeding are taxed against the respondent.

**ATTORNEY REPRIMANDED.**

All justices concur except Larson, J., who concurs in part and dissents in part, and Appel, J., who takes no part.

#117/06-1017, *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Borth*

**LARSON, Justice (concurring in part; dissenting in part).**

I concur in the majority opinion, except for Division IV, and I concur in the sanction imposed. However, I dissent from Division IV, finding a violation of DR 7—103(A) for accepting guilty pleas to nonmoving violations for the reasons set out in my dissent in *Iowa Supreme Court Attorney Disciplinary Board v. Howe*, 706 N.W.2d 360, 382 (Iowa 2005).