# IN THE SUPREME COURT OF IOWA

No. 10–0425

Filed December 17, 2010

**IOWA SUPREME COURT ATTORNEY DISCIPLINARY BOARD,**

Complainant,

vs.

**THOMAS E. LUSTGRAAF,**

Respondent.

On review of the report of the Grievance Commission of the Supreme Court of Iowa.

Grievance commission recommends attorney receive a public reprimand. **ATTORNEY REPRIMANDED.**

Charles L. Harrington and David J. Grace, Des Moines, for complainant.

Thomas E. Lustgraaf of Lustgraaf Law Office, Council Bluffs, pro se.

**TERNUS, Chief Justice.**

This matter comes before us on the report of a division of the Grievance Commission of the Supreme Court of Iowa. *See* Iowa Ct. R. 35.10. The Iowa Supreme Court Attorney Disciplinary Board alleged the respondent, Thomas E. Lustgraaf, violated ethical rules by failing to file income tax returns for four years. The grievance commission found Lustgraaf violated our ethical rules and recommended a public reprimand. Upon our respectful consideration of the findings of fact, conclusions of law, and recommendation of the commission, we find Lustgraaf engaged in ethical violations as a result of his negligent failure to file tax returns, and therefore, we publicly reprimand him.

## I. Standard of Review.

The supreme court reviews attorney disciplinary proceedings de novo. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Wagner*, 768 N.W.2d 279, 281 (Iowa 2009). The commission's findings and recommendations are given respectful consideration, but we are not bound by them. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Casey*, 761 N.W.2d 53, 55 (Iowa 2009). The board has the burden of proving attorney misconduct by a convincing preponderance of the evidence. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Conrad*, 723 N.W.2d 791, 792 (Iowa 2006). As frequently stated, " 'This burden is less than proof beyond a reasonable doubt, but more than the preponderance standard required in the usual civil case.' " *Id.* (quoting *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Lett*, 674 N.W.2d 139, 142 (Iowa 2004)). Upon proof of misconduct, we may impose a lesser or greater sanction than that recommended by the commission. *Id.*

## II. Factual Findings.

Lustgraaf was admitted to practice law in April of 2004. Thereafter, he practiced primarily criminal law in Council Bluffs. On September 3, 2009, the board filed a disciplinary complaint against Lustgraaf alleging he had failed to file income tax returns for the years 2002 through 2007. The board alleged that Lustgraaf's failure to file the returns violated Iowa Rules of Professional Conduct 32:8.4(b) ("It is professional misconduct for a lawyer to . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects[.]"), 32:8.4(c) ("It is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit, or misrepresentation[.]"), and 32:8.4(d) ("It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice[.]").[1] The board subsequently dropped the charges for tax years 2002 and 2003 because Lustgraaf was not licensed as a lawyer in those tax years.

The board contends Lustgraaf's failure to file tax returns violated 26 U.S.C. §§ 6012(a)(1)(A), 6017, and 6072(a) (2000). Under 26 U.S.C. § 6017, an individual who has net earnings from self-employment exceeding $400 must file an income tax return. Under 26 U.S.C. § 6072(a), a taxpayer is required to file tax returns based on a calendar year by April 15 of the following year, unless an extension is obtained. *Schultz v. United States,* 92 Fed. Cl. 213, 219 (Fed. Cl. 2010). 26 U.S.C. § 6012(a)(1)(A) makes it a criminal offense for a taxpayer who has earned

---

[1]The board also alleged a violation of rule 32:8.4(a) ("It is professional misconduct for a lawyer to . . . violate . . . the Iowa Rules of Professional Conduct[.]"). We do not consider a violation of this rule as a separate ethical infraction, *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Templeton*, 784 N.W.2d 761, 769 (Iowa 2010), and so give it no further consideration.

sufficient income to require him to file a federal income tax return to fail to do so.[2]  *See United States v. Stierhoff*, 549 F.3d 19, 25 (1st Cir. 2008); *see also United States v. Kahl*, 583 F.2d 1351, 1355 (5th Cir. 1978) (finding information properly notified defendant of alleged crime when it specifically stated "that the earnings of the accused were sufficient to require him to file a return and he failed to do so").

At the disciplinary hearing, Lustgraaf testified he had innocently and mistakenly believed that he had insufficient income to require the filing of the returns.  He testified he was unaware of the requirement to file a return when self-employment income exceeds $400.[3]

Lustgraaf also presented the testimony of a certified public accountant from whom he had sought tax advice since 1996.  This witness testified that he prepared tax returns for Lustgraaf in the years preceding Lustgraaf's law school years, but did not prepare any returns while Lustgraaf attended law school because Lustgraaf did not have any income during that time.  The witness testified that, in each year subsequent to Lustgraaf's graduation from law school, Lustgraaf came to the witness's office to talk about Lustgraaf's income tax situation.  On these occasions, the accountant would ask Lustgraaf whether Lustgraaf was "going to have a tax liability."  Lustgraaf always responded that he "put out more money than [he] took in," and the accountant "never got into specifics on those years."  The accountant testified that, if he had thought Lustgraaf was required to file income tax returns in the years in question, he would have told Lustgraaf to file.

---

[2]Other sections of the federal tax code provide for increased penalties when a taxpayer's failure to file is willful, but the board did not allege a violation of these statutory provisions.

[3]Lustgraaf testified he did not take an income tax course in law school, and his work as an attorney was limited to criminal cases.

By the time of the hearing, Lustgraaf had filed all tax returns and paid all required taxes. These returns showed that, in 2004, Lustgraaf's adjusted gross income was negative $6757. Although he owed no income taxes, he owed the federal government $2 in self-employment tax. Lustgraaf received a refund from the state of $16 in tax year 2004. In 2005, Lustgraaf's adjusted gross income was negative $23,833. He owed the federal government $93 in self-employment taxes and received a refund of $12 from the state. In 2006, Lustgraaf's federal adjusted gross income was negative $21,571. He owed no income tax on this amount, but did owe $1234 in self-employment tax. He received an $8 refund from the state. Lustgraaf had net operating business losses in 2006 that could be carried forward to 2007. These losses were sufficient to reduce his 2007 adjusted gross income to zero. Because Lustgraaf had prepared the 2007 return before he completed the return for 2006, he did not claim the net operating loss for 2006 in 2007. (He has three years to file an amended return.) Consequently, his tax returns for 2007 show an adjusted gross income of $33,043. He owed no federal income tax on this amount, but did owe $2339 in self-employment tax as well as penalty and interest of $899.37 on the self-employment tax. The record does not show whether taxes were owed to the state for the tax year 2007.

Lustgraaf was not charged with any criminal conduct by any governmental entity. He has no prior record of discipline, and two local attorneys testified that Lustgraaf had a good reputation in the legal community of Council Bluffs. Lustgraaf also presented evidence of significant pro bono work. It appears he fully cooperated with the disciplinary authorities and did not attempt to shift the blame for his conduct to anyone else.

The commission found that Lustgraaf had not intended to defraud the government when he failed to file tax returns and that he "incorrectly assumed that he did not need to file income tax returns for the years 2004 through 2007." Upon our review of the record and giving particular weight to the commission's assessments of the witnesses' credibility, we agree. *See Iowa Supreme Ct. Att'y Disciplinary Bd. v. Marzen*, 779 N.W.2d 757, 759 (Iowa 2010) (noting court gives particular weight to the commission's credibility findings although court is not bound by them). While it is true one is presumed to know the law, as a factual matter, Lustgraaf mistakenly believed he had no obligation to file tax returns during the years in question. Lustgraaf's conduct was certainly careless, but we conclude it was not fraudulent.

### III. Ethical Violations.

**A. Rule 32:8.4(b): Criminal Conduct.** Rule 32:8.4(b) prohibits the commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects. A lawyer may be found in violation of this rule, even though he has not been charged or convicted of a crime. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Bell*, 650 N.W.2d 648, 651–52 (Iowa 2002) (discussing comparable DR 1–102(A)(3) of the Iowa Code of Professional Responsibility for Lawyers and citing cases); *Comm. on Prof'l Ethics & Conduct v. Hall*, 463 N.W.2d 30, 33, 35 (Iowa 1990) (holding respondent's commission of theft constituted violation of DR 1–102(A)(3), even though respondent was not charged with or convicted of a crime). In this case, Lustgraaf failed to file tax returns for years 2004 through 2007 by April 15 of the following calendar year despite having sufficient income to trigger the filing requirement. This evidence is sufficient to establish a violation of 26 U.S.C. § 6012. In addition, we think Lustgraaf's conduct

reflects adversely on his fitness as a lawyer. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Fields*, 790 N.W.2d 791, 796 (Iowa 2010). Therefore, we agree with the commission that Lustgraaf violated rule 32:8.4(b).

**B. Rule 32:8.4(c): Misrepresentation.** We have stated that a lawyer makes a misrepresentation in violation of our ethical rules when his income exceeds the sums requiring the filing of a tax return and he fails to file a return. *Id.* at 795; *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Iversen*, 723 N.W.2d 806, 810 (Iowa 2006). In the cases in which we have found the existence of a misrepresentation, the respondent had willfully failed to file returns, had committed a fraudulent practice, or had made a false statement. *See, e.g., Fields*, 790 N.W.2d at 797 (attorney pleaded guilty to two counts of fraudulent practice in the second degree); *Iversen*, 723 N.W.2d at 809–10 (attorney pleaded guilty to crime of fraudulent practice); *Comm. on Prof'l Ethics & Conduct v. Humphreys*, 524 N.W.2d 396, 397 (Iowa 1994) (jury convicted respondent in federal court of willful tax evasion); *Comm. on Prof'l Ethics & Conduct v. Clauss*, 445 N.W.2d 758, 760 (Iowa 1989) (respondent provided false answers about federal and state income tax filings on client security questionnaires). These cases are consistent with the general rule that "misrepresentation requires intent to deceive to support an ethical violation." *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Sobel*, 779 N.W.2d 782, 787 (Iowa 2010).

In the instant action, however, the board did not allege or present any evidence that Lustgraaf's failure to file the returns was willful, done with an intent to defraud, or otherwise deceitful. Nor did the board present evidence that Lustgraaf made any false statements in connection with his failure to file tax returns. Lustgraaf mistakenly believed he was not required to file returns, making his failure to file negligent. We hold

this evidence does not support a finding that Lustgraaf engaged in misrepresentation, and therefore, the board failed to prove that Lustgraaf violated rule 32:8.4(c).

**C. Rule 32:8.4(d): Conduct Prejudicial to the Administration of Justice.** We hold that Lustgraaf's mistaken belief that he was not required to file tax returns does not constitute conduct prejudicial to the administration of justice. " 'Whether conduct is prejudicial to the administration of justice is not subject to a precise test.' " *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Monroe*, 784 N.W.2d 784, 788 (Iowa 2010) (quoting *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Buchanan*, 757 N.W.2d 251, 255 (Iowa 2008)). "Generally, acts that have been deemed prejudicial to the administration of justice have 'hampered the efficient and proper operation of the courts or of ancillary systems upon which the courts rely.' " *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Borth*, 728 N.W.2d 205, 211 (Iowa 2007) (quoting *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Steffes*, 588 N.W.2d 121, 123 (Iowa 1999)); *accord Monroe*, 784 N.W.2d at 788. "Examples of conduct prejudicial to the administration of justice include paying an adverse expert witness for information regarding an opponent's case preparation, demanding a release in a civil action as a condition of dismissing criminal charges, and knowingly making false or reckless charges against a judicial officer." *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Templeton*, 784 N.W.2d 761, 768 (Iowa 2010). The mere commission of a criminal act will not constitute a violation of rule 32:8.4(d) unless that conduct somehow impedes the operation of the justice system. *Id.*

The record does not establish that Lustgraaf's failure to file his personal income tax returns prejudiced the administration of justice. There was no evidence Lustgraaf's actions affected any particular court

proceeding or any ancillary system supportive of any court proceeding. Consequently, Lustgraaf's behavior, even if criminal, is not the sort of conduct that prejudices the administration of justice within the meaning of rule 32:8.4(d).

**IV. Sanctions.**

" 'There is no standard sanction for a particular type of misconduct, and though prior cases can be instructive, we ultimately determine an appropriate sanction based on the particular circumstances of each case.' " *Wagner*, 768 N.W.2d at 287 (quoting *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Earley*, 729 N.W.2d 437, 443 (Iowa 2007)); *accord Casey*, 761 N.W.2d at 61. In tailoring a sanction to the specific circumstances of a particular case,

> "we consider the nature of the violations, the attorney's fitness to continue in the practice of law, the protection of society from those unfit to practice law, the need to uphold public confidence in the justice system, deterrence, maintenance of the reputation of the bar as a whole, and any aggravating or mitigating circumstances."

*Casey*, 761 N.W.2d at 61 (quoting *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Ireland*, 748 N.W.2d 498, 502 (Iowa 2008)); *accord Wagner*, 768 N.W.2d at 287.

In prior reported disciplinary cases involving failure to file tax returns, we have imposed suspensions ranging from sixty days to three years.[4] *Iversen*, 723 N.W.2d at 810; *Iowa Supreme Ct. Bd. of Prof'l Ethics*

---

[4]In *Iowa Supreme Court Attorney Disciplinary Board v. Johnston*, 732 N.W.2d 448 (Iowa 2007), we noted the respondent's prior disciplinary history included a public reprimand in 1991 for failing to file state and federal income tax returns for five years. 732 N.W.2d at 450. Because this reprimand was not the subject of a disciplinary opinion rendered by this court, we assume the public reprimand was issued by the board in accordance with its authority under Iowa law. *See* 16 Gregory C. Sisk & Mark S. Cady, *Iowa Practice Series: Lawyer and Judicial Ethics* § 2.6(a), at 47 (2010) (noting under Iowa Court Rules effective prior to July 2005, the "Board . . . had the authority to issue a public reprimand that became final if not objected to by the

*& Conduct v. Doughty*, 588 N.W.2d 119, 120 (Iowa 1999) (citing cases); *Comm. on Prof'l Ethics & Conduct v. Crawford*, 351 N.W.2d 530, 531–32 (Iowa 1984) (citing cases). In our prior cases imposing a suspension for failing to file tax returns, the attorney engaged in a willful failure to file, a fraudulent practice, or other more serious misconduct involving issues of dishonesty. *See, e.g., Iversen*, 723 N.W.2d at 809 (noting attorney had pled guilty to crime of fraudulent practice in the second degree); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. O'Brien*, 690 N.W.2d 57, 57 (Iowa 2004) (stating respondent had been convicted of fraudulent practices in the third degree); *Humphreys*, 524 N.W.2d at 397 (noting respondent had been convicted of willful tax evasion); *Clauss*, 445 N.W.2d at 760 (stating attorney had falsely stated on client security questionnaires that he had filed his tax returns); *Crawford*, 351 N.W.2d at 532 (rejecting commission's finding that respondent's failure to file was negligent, holding instead that attorney's conduct was willful). An element of dishonesty is lacking in the instant action in which the board proved only Lustgraaf's negligence. Lustgraaf's less culpable state of mind in failing to comply with the requirement to file income tax returns is a significant distinguishing fact from our prior cases.

In addition to the fact that Lustgraaf's conduct did not involve an element of dishonesty, other mitigating factors are present. Lustgraaf has a good reputation in the legal community of Council Bluffs and has performed pro bono work. *See Monroe*, 784 N.W.2d at 791 (viewing pro bono work as a mitigating factor); *Iversen*, 723 N.W.2d at 811 (considering as mitigating factor that respondent was well respected in legal community). He has no prior record of discipline. *See Monroe*, 784

---

lawyer"). We do not know the circumstances that motivated the board to reprimand the respondent rather than to seek a suspension of his license.

N.W.2d at 791 (noting respondent's prior ethical practice in determining appropriate sanction); *Iversen,* 723 N.W.2d at 811 (noting absence of prior ethical infractions as a mitigating circumstance).

Because Lustgraaf's misconduct is qualitatively less severe than the misconduct of the attorneys in our prior cases dealing with a failure to file tax returns, we conclude that the imposition of a suspension is not warranted here. *See generally Iversen,* 723 N.W.2d at 810 (noting sanctions are adapted "to the unique facts of each case"). Nevertheless, discipline is necessary to deter lawyers from similar misconduct. Therefore, we concur in the commission's recommendation that a public reprimand be issued.

## V. Disposition.

We publicly reprimand Thomas E. Lustgraaf for his ethical violations and tax the costs of this proceeding against him.

**ATTORNEY REPRIMANDED.**