# IN THE SUPREME COURT OF IOWA

No. 11–0636

Filed October 14, 2011

**IOWA SUPREME COURT ATTORNEY DISCIPLINARY BOARD,**

Complainant,

vs.

**THOMAS F. OCHS,**

Respondent.

On review of the report of the Grievance Commission of the Supreme Court of Iowa.

Grievance Commission reports respondent committed ethical misconduct and recommends that attorney be suspended from the practice of law for thirty days. **LICENSE SUSPENDED.**

Charles L. Harrington and Wendell J. Harms, Des Moines, for complainant.

Thomas F. Ochs, Cedar Rapids, pro se.

**CADY, Chief Justice.**

The Iowa Supreme Court Attorney Disciplinary Board brought a complaint against Thomas F. Ochs, alleging multiple violations of the Iowa Rules of Professional Conduct based largely on neglect of probate matters. A division of the Grievance Commission of the Supreme Court of Iowa found Ochs' conduct violated the rules and recommended we suspend his license to practice law for a period of thirty days. On our de novo review, we find Ochs violated the rules of professional conduct. We suspend Ochs' license to practice law for a period of thirty days.

## I. Background Facts and Proceedings.

Thomas F. Ochs is an Iowa lawyer. He was admitted to the profession in 1988 and practices law in Cedar Rapids with an established law firm. Ochs has served as a bar admissions examiner during his career and has provided pro bono representation to financially needy Iowans.

In his practice, Ochs primarily handles domestic-relations cases, but he also does work in the area of probate, including estates, conservatorships, and guardianships. Ochs' conduct in handling seven estates, two guardianships, and one conservatorship over the past eight years formed the basis for this disciplinary action. Prior to the events of this proceeding, Ochs had no history of disciplinary action.

The conduct of Ochs described in the ten cases involved in this disciplinary action displayed remarkable consistency. In each instance, Ochs repeatedly missed deadlines established by the law to perform required legal services. As a result, he needlessly prolonged the completion of legal tasks necessary to conclude the cases. His inaction and misconduct spanned many years. Two of the cases were left open for over seven years, while other estates were open for four and five

years. In most all of the cases, Ochs repeatedly received inquiries from the Board regarding his delinquent actions, which he in turn essentially ignored. In some of the cases, Ochs would perform the work but neglect to send copies of documents to all essential parties. In one case, the Board took preemptive action by privately admonishing Ochs for his delinquent conduct.

At the hearing, Ochs flatly admitted all the allegations against him in the Board's ten-count complaint. Each count of the complaint described the unethical conduct repeatedly engaged in by Ochs over a period of years. The complaint charged neglect in violation of Iowa Rule of Professional Conduct 32:1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client.") and 32:3.2 ("A lawyer shall make reasonable efforts to expedite litigation . . . ."). The Board's complaint also alleged Ochs disobeyed duties imposed by the court rules in violation of Iowa Rule of Professional Conduct 32:3.4(c), failed to respond to Board inquiries for information in violation of Iowa Rule of Professional Conduct 32:8.1(b), and engaged in conduct prejudicial to the administration of justice in violation of Iowa Rule of Professional Conduct 32:8.4(d).

During the hearing on the complaint, Ochs was honest, contrite, and apologetic. He offered no excuses and expressed determination to change his delinquent conduct. Nevertheless, Ochs allowed each case to linger by ignoring deadlines and failing to responsibly perform the work necessary to keep the matters moving to completion within a reasonable time as required by law. *See* Iowa Code § 633.473 (2011) (requiring final settlement of estates to generally be made within three years).

The commission found Ochs violated the rules of professional conduct as charged and recommended he be suspended for a period of

thirty days. Two members of the five-member commission recommended Ochs receive a public reprimand.

## II. Scope of Review.

We review attorney disciplinary actions de novo. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Dolezal*, 796 N.W.2d 910, 913 (Iowa 2011). We give respectful consideration to the findings and recommendations by the commission, but are not bound by them. *Id.* The Board must prove the misconduct by a convincing preponderance of the evidence. *Id.*

## III. Findings and Conclusions.

We agree with the commission that Ochs violated the rules of professional conduct as alleged in the complaint. The Board established these charges by a convincing preponderance of the evidence. Consequently, we turn to consider the sanction to impose.

The conduct in this case principally involved neglect. The range of discipline we normally impose for such conduct falls between a public reprimand and a suspension for up to six months. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Thomas*, 794 N.W.2d 290, 294 (Iowa 2011).

The nature of the neglect in this case and the number of probate cases involved warrant consideration of discipline within the full spectrum of sanctions. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Winkel*, 542 N.W.2d 252, 255 (Iowa 1996) (imposing a six-month suspension for neglect of fifteen probate matters after reviewing prior cases involving neglect of probate cases). Yet, most cases of extensive probate delinquencies that result in sanctions on the high end of the spectrum are accompanied by various aggravating factors. For example, while *Winkel* involved numerous cases of delinquency in probate matters that resulted in a six-month suspension, there was evidence the attorney seemed to be in full denial and had a problem

facing the reality of his conduct. *Id.* at 254. Other aggravating factors supporting stiff sanctions for neglect of probate cases involve multiple instances of neglect, other past disciplinary action, and companion violations such as dishonesty to clients and the court, failure to cooperate with the Board's investigation, and mishandling client funds. *See Iowa Supreme Ct. Att'y Disciplinary Bd. v. Lickiss*, 786 N.W.2d 860, 871 (Iowa 2010) (imposing three-month suspension for multiple instances of neglect in four probate cases coupled with collecting fees without court order, failing to respond to Board inquiries, and prior discipline for similar conduct); *see also Iowa Supreme Ct. Att'y Disciplinary Bd. v. Marks*, 759 N.W.2d 328, 332 (Iowa 2009) (imposing thirty-day suspension for neglect and failure to cooperate with Board's investigation); *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Moonen*, 706 N.W.2d 391, 402 (Iowa 2005) (imposing eighteen-month suspension for neglect in multiple cases, self-dealing with trust funds, taking fees without accounting for time, misrepresentation to the court, failure to cooperate with the Board, and resulting harm misconduct caused clients).

This case does not involve aggravating circumstances such as misrepresentation or violations of court orders found in many neglect cases in which we have imposed lengthy suspensions. Instead, this case centers almost entirely on the abject failure of an attorney to comply with the basic structural rules governing the processing of numerous probate cases over a prolonged period of time. As such, the conduct is more similar to that described in *Iowa Supreme Court Board of Professional Ethics & Conduct v. Hovda*, 578 N.W.2d 673 (Iowa 1998). In *Hovda*, the attorney allowed eighteen probate cases to languish, prompting the issuance of eighty-two probate delinquency notices over a period of six

years. 578 N.W.2d at 674. The attorney in *Hovda* also failed to respond to Board inquiries. *Id.* We imposed a suspension of sixty days. *Id.* at 675.

Considering all the relevant factors in the case, we agree with the commission that a thirty-day suspension is an appropriate discipline. *See Iowa Supreme Ct. Att'y Disciplinary Bd. v. Lustgraaf*, 792 N.W.2d 295, 297 (Iowa 2010) (noting we give respectful consideration to the commission's recommendations). This discipline comports with our prior cases and is consistent with the goals served by the imposition of attorney discipline. While *Hovda* involved similar conduct, this proceeding involved fewer cases of neglect than in *Hovda.* This distinguishing factor justifies a less severe sanction for Ochs.

## IV. Conclusion.

We suspend Ochs' license to practice law in the State of Iowa for thirty days. This suspension applies to all facets of the practice of law. Iowa Ct. R. 35.12(3). Ochs must comply with Iowa Court Rule 35.22 dealing with notification of clients and counsel. Costs of this action are taxed to Ochs pursuant to Iowa Court Rule 35.26(1). Absent an objection by the Board, Ochs shall be reinstated after the thirty-day suspension period under the condition that all costs have been paid. Iowa Ct. R. 35.12(2).

**LICENSE SUSPENDED.**