**IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS & CONDUCT, Complainant,**

v.

**Richard M. FEENEY II, Respondent.**

No. 02–1787.

Supreme Court of Iowa.

Feb. 26, 2003.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

Patrick M. Roby of Elderkin & Pirnie, P.L.C., Cedar Rapids, for respondent.

LARSON, Justice.

The Iowa Supreme Court Board of Professional Ethics and Conduct charged Richard M. Feeney II with violating our Code of Professional Responsibility by neglecting a legal matter entrusted to him, failing to make a timely refund of unearned fees, and failing to promptly respond to notices sent to him by the board. The commission ruled that the board had established the allegations of the complaint and recommended a one-month suspension. We agree with the board's findings and its recommended sanction.

## I. *Facts and Prior Proceedings.*

This disciplinary matter arises out of Feeney's handling of a legal matter that, while "only" a simple misdemeanor case, required Feeney to attend to it with the same diligence we expect of attorneys in all cases. The relevant facts have largely been stipulated by the parties.

Feeney's client, Khaled Sharafuddin, was involved in a motor vehicle accident in Iowa City. Iowa City police ticketed Sharafuddin for an improper lane change in violation of a local ordinance. Sharafuddin hired Feeney, who had represented him on a previous speeding citation, to represent him. In April 2000 Sharafuddin paid Feeney a retainer of $300. Sharafuddin authorized Feeney to resolve the citation in a way that would not involve a conviction. Feeney hoped to resolve the case by the entry of a "theme order." This is a disposition used in some counties of the Sixth Judicial District that requires the accused in a traffic case to complete a project, usually consisting of attendance at a class and the preparation of a "theme paper" on issues of driving and safety. If the assignment is successfully completed, the charge is dismissed. In Feeney's previous representation of Sharafuddin in the speeding case, he was able to arrange for the dismissal of the citation by a similar procedure. Feeney anticipated that the court might agree to enter a theme order and, for that purpose, prepared a written appearance, guilty plea, and request for theme order. In the event the court did not agree to this disposition, he also prepared an appearance and plea of not guilty.

On April 18, 2000, Feeney approached the magistrate to request resolution by a theme order. The magistrate told Feeney it was not his practice to enter theme orders. Feeney then filed the appearance and plea of not guilty. The next day the magistrate set trial in Sharafuddin's case for 9 a.m. on August 15, 2000.

Feeney testified that he prepared a letter to inform Sharafuddin that the magis-

trate would not consider a theme order and that trial had been set for August 15, 2000. Sharafuddin testified he did not receive this letter, and there is no proof in the record to show whether or not the letter was received. After April 21, 2000, Feeney did not attempt to communicate with Sharafuddin and did not speak with him at all until September 2000, which was after the scheduled trial date.

Feeney claims he wrote a letter to Sharafuddin on April 21, stating he would contact an assistant Iowa City attorney to try to work out a plea agreement. However, he did not communicate with the city attorney's office to propose any plea agreement. Neither Feeney nor Sharafuddin appeared for the scheduled trial on August 15, 2000.

When no one appeared at trial for Sharafuddin, an assistant city attorney telephoned Feeney at his residence in Cedar Rapids. Feeney told the prosecutor that he had a baby-sitting problem that morning and that he had written down the wrong trial date on his calendar. He asked the prosecutor to agree to a continuance of the trial, but the prosecutor informed him that the city would resist a continuance. Nevertheless, he would convey to the court Feeney's request for a continuance. The prosecutor told Feeney that it was unlikely the continuance would be granted, and he asked Feeney what he wanted to do in that event. Feeney asked the prosecutor to convey to the magistrate Sharafuddin's plea of guilty if the court denied the continuance. Feeney and the prosecutor did not engage in any plea bargaining.

Feeney concedes he had no express authorization from Sharafuddin to enter a guilty plea, unless it could be done without a conviction. He and Sharafuddin did not discuss how to proceed after the court rejected the request for a theme order.

Feeney claims he had authorization to enter Sharafuddin's guilty plea but acknowledges that Sharafuddin, if asked, would deny giving such an authorization.

The magistrate denied the request for continuance and, pursuant to Feeney's request, entered a plea of guilty. The magistrate accepted the guilty plea, entered a judgment of guilty, and fined Sharafuddin $50 plus a surcharge and costs for a total of $106.52. Even after the fine was entered, Feeney neglected to inform Sharafuddin that he had entered a plea of guilty on his behalf and that the court had found him guilty and fined him. Sharafuddin did not learn of this disposition until on or about September 1, 2000, when the city served him a notice of the entry of the fine.

When Sharafuddin learned of the judgment, he wrote to Feeney in a letter dated September 1, 2000, to request Feeney's further assistance. Feeney failed to answer. When Sharafuddin did not hear from Feeney, he attempted to telephone him at home. Sharafuddin left messages with Feeney's wife, but the calls were not returned.

Sharafuddin eventually reached Feeney at home by telephone in September 2000 at about 6 a.m. Sharafuddin claims Feeney said he was engaged in work on a legal matter and would be unable to assist Sharafuddin. Feeney took no further action on behalf of Sharafuddin.

On or about September 16, 2000, Sharafuddin sent a letter to the clerk of court, which the court treated as a motion to set aside the judgment. The motion was denied. Sharafuddin then filed this complaint against Feeney. In November 2000 the board sent a notice of Sharafuddin's complaint to Feeney by restricted certified mail, requesting a response. Feeney received the letter but failed to respond. In December 2000 the board sent a second

notice. Feeney received this notice as well but failed to respond. When a response was not forthcoming following the certified mail notices, the board attempted to contact Feeney by ordinary mail. Feeney acknowledges he received the board's letter of January 4, 2001, but did not answer it. On September 27, 2002, just prior to the hearing on this matter, Feeney mailed restitution to Sharafuddin in the amount of $300.

Feeney has not previously been disciplined except for the suspension of his license on December 16, 1999, for failure to comply with our client security and continuing legal education requirements. His license has now been reinstated.

## II. *Disposition.*

The board charged violations of several disciplinary rules: DR 1–102(A)(1) (violating a disciplinary rule); DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); DR 1–102(A)(5) (engaging in conduct prejudicial to the administration of justice); DR 1–102(A)(6) (engaging in any other conduct adversely reflecting on the fitness to practice law); DR 2–110(A)(2) (withdrawing without taking reasonable steps to avoid foreseeable prejudice); DR 2–110(A)(3) (failing to promptly refund unearned fees); DR 6–101(A)(3) (neglecting a client's legal matter); DR 7–101(A) (failing to represent a client zealously); DR 9–102(B)(3) (failing to maintain complete records); and DR 9–102(B)(4) (failing to promptly repay funds to which a client is entitled). The board divided these violations into four categories: neglecting a client's legal matter, pleading a client guilty without authorization, failing to account for and return client funds, and failing to cooperate with a board investigation.

The Grievance Commission did not make specific findings as to each alleged rule violation. Rather, it concluded:

Feeney committed professional misconduct of all four (4) types alleged. Feeney neglected to properly attempt negotiation of the citation and to appear at trial. He also entered the guilty plea of the Client without authorization. Between at least November 2000 and September 27, 2002, Feeney also failed to account for the Client's [retainer]. Finally, Feeney failed to cooperate with the Board's investigation.

When we consider each of the board's allegations in light of the evidence, we conclude Feeney violated DR 1–102(A)(1); DR 1–102(A)(5); DR 1–102(A)(6); DR 2–110(A)(2); DR 2–110(A)(3); DR 6–101(A)(3); and DR 9–102(B)(4).

We agree with the commission's recommended sanction and suspend Feeney's license for one month. This suspension applies to all aspects of the practice of law. Iowa Ct. R. 35.12(3). Reinstatement is governed by the automatic reinstatement provisions of Iowa Court Rule 35.12(2). Costs are taxed to Feeney pursuant to Iowa Court Rule 35.25.

**LICENSE SUSPENDED.**